**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Jordan Caruso</u>

    v.                                    Civil No. 17-cv-099-JL

<u>U.S. Penitentiary Canaan and</u>
<u>Federal Bureau of Prisons</u>
<u>Designations and Sentence</u>
<u>Computation Center</u>

**REPORT AND RECOMMENDATION**

    Petitioner, Jordan Caruso, an inmate at the U.S. Penitentiary in Canaan Township, Pennsylvania ("USP Canaan"), has filed this action challenging his placement at USP Canaan and the classification level assigned to him by staff at USP Canaan and by the Bureau of Prisons ("BOP") Designations and Sentence Computation Center in Grand Prairie, Texas.  Caruso asserts in his initial filing (Doc. No. 1) and in an addendum to that filing (Doc. No. 4), that BOP has misclassified him and assigned him to USP Canaan based on an error in his records, specifically, a reference to an outstanding detainer, and to charges in Arizona which Caruso maintains have been dismissed. Caruso further asserts that USP Canaan Case Manager Fisher said he would make sure that Caruso stayed in that penitentiary.  <u>See</u> Doc. No. 4, at 1.  Caruso seeks monetary, declaratory and injunctive relief.

    Caruso's claims are not properly filed in the District of New Hampshire.  The only connection to New Hampshire asserted in

this case is that Caruso was convicted and sentenced here, see United States v. Caruso, 1:15-cv-225-SM-1 (D.N.H.). Although Caruso has cited 28 U.S.C. § 2255 and specifically asks the sentencing court to set aside his conviction, see Doc. No. 1, at 4, Caruso's claims challenge the execution of his sentence and the actions of BOP staff members relating to his confinement at USP Canaan. Therefore, Caruso's petition, to the extent it challenges his current incarceration, is properly construed as a petition brought under 28 U.S.C. § 2241, and is not equivalent to a motion seeking relief under 28 U.S.C. § 2255.

This court may transfer a case to cure a want of jurisdiction when the transfer is in the interest of justice. See 28 U.S.C. § 1631. This court lacks territorial jurisdiction over Caruso's current custodian. Moreover, this court does not appear to have personal jurisdiction over any defendant who may be liable for damages. It is in the interest of justice to transfer this action to the Middle District of Pennsylvania, where USP Canaan, its staff, and Caruso are all located.

Accordingly, fourteen days after the district judge approves this Report and Recommendation, or at such time and upon such conditions as the court may otherwise direct, the clerk's office must transfer this case to the Middle District of Pennsylvania. Any objections to this Report and Recommendation

must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 30, 2017

cc: Jordan Caruso, pro se
    Seth R. Aframe, Esq.